## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

DAVID CURTIS ,

            Plaintiff,

v.

EMBRACE HOME LOANS, INC. and
ROUNDPOINT MORTGAGE SERVICING
CORPORATION,

            Defendants.

C.A. No. 1:18-cv-00057-JJM-PAS

## DEFENDANTS EMBRACE HOME LOANS, INC. AND ROUNDPOINT MORTGAGE SERVICING CORPORATION'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

       Defendants, Embrace Home Loans, Inc. ("Embrace") and RoundPoint Mortgage Servicing Corporation ("RoundPoint") (collectively, "Defendants"), respond to each and every allegation of Plaintiff, David Curtis' ("Plaintiff"), Amended Complaint (the "Complaint"), as follows:

       1.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 of the Complaint.

       2.     Admitted.

       3.     Admitted.

       4.     Defendants admit that Plaintiff signed a mortgage on or about April 29, 2016 in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Embrace in the amount of $284,009.00. Defendants deny that the mortgage is payable to MERS.

       5.     Admitted.

       6.     Admitted.

7.      Defendants admit that Plaintiff's last payment was in May 2017, and so Plaintiff defaulted on the mortgage loan as of June 2017. Further responding, Plaintiff did not make any payments reinstating the mortgage loan following default. Defendants deny the remaining allegations of Paragraph 7 of the Complaint.

8.      Defendants admit that RoundPoint has made demand upon Plaintiff for the full payment of all sums past due under the promissory note. Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Plaintiff's ability to make mortgage payments. Defendants admit the remaining allegations of Paragraph 8 of the Complaint.

9.      The mortgage referred to in Paragraph 9 of the Complaint speaks for itself. To the extent that Paragraph 9 contains Plaintiff's characterization of the mortgage or any provisions therein, those allegations are denied.

10.     Paragraph 10 of the Complaint contains a statement of law for which no response is required. To the extent that Paragraph 10 contains Plaintiff's characterization of the cited provisions, those allegations are denied.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Admitted.

15.     Denied.

16.     Denied.

17.     Defendants admit only that RoundPoint acknowledged receipt of Plaintiff's loss mitigation application and provided Plaintiff with a point of contact. Defendants deny all remaining allegations.

301157601v2 1005694

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Paragraph 22 of the Complaint states legal conclusions to which no response is required. Further answering, the provisions of the U.S. Department of Housing and Urban Development regulations referred to in Paragraph 22 of the Complaint speak for themselves. To the extent that Paragraph 22 contains Plaintiff's characterizations of those regulations, those allegations are denied.

23.     Denied.

24.     Denied.[1]

25.     Admitted.

26.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 26 of the Complaint regarding Plaintiff's expert witness. Further answering, the pool information referred to in Paragraph 26 of the Complaint speaks for itself. To the extent that Paragraph 26 contains Plaintiff's characterizations of those documents, those allegations are denied.

27.     Denied.

---

[1] Plaintiff's Complaint includes two consecutive paragraphs numbered 24. To avoid confusion, Defendants additionally deny the allegations of the second Paragraph 24 of the Complaint.

301157601v2 1005694

## COUNT I
## COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE TRUTH IN LENDING ACT BY DEFENDANT'S FAILURE TO IDENTIFY THE OWNER OF THE NOTE AND THE MORTGAGE AND THE MASTER SERVICER FOR THE NOTE AND THE MORTGAGE

28.     Defendants incorporate by reference their responses to Paragraphs 1 through 27 of the Complaint.

29.     Defendants incorporate by reference their responses to Paragraphs 1 through 28 of the Complaint.

30.     Paragraph 30 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny any violations or damages under the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA").

31.     Paragraph 31 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, denied.

32.     Paragraph 32 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendants state the United States District Court for the District of Rhode Island has original jurisdiction over this action. Further answering, Defendants deny Plaintiff is entitled to any statutory damages.

33.     Admitted.

34.     Admitted.

35.     Admitted.

36.     Admitted.

37.     Paragraph 37 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, admitted.

301157601v2 1005694

38.     The November 10, 2017 letter referred to in Paragraph 38 of the Complaint speaks for itself. To the extent that Paragraph 38 contains Plaintiff's characterizations of that document, those allegations are denied.

39.     Admitted.

40.     Admitted.

41.     Admitted.

42.     Denied.

43.     Denied.

**COUNT II**

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE TRUTH IN LENDING ACT BY EMBRACE'S FAILURE TO SEND THE PLAINTIFF AN ACCURATE PAYOFF STATEMENT PURSUANT TO THE PROVISIONS OF 15 U.S.C. 1639 ON DECEMBER 19, 2017**

44.      Defendants incorporate by reference their responses to Paragraphs 1 through 43 of the Complaint.

45.     Paragraph 45 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny Plaintiff violations or damages under TILA.

46.     Paragraph 46 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, denied.

47.     Paragraph 47 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendants state the United States District Court for the District of Rhode Island has original jurisdiction over this action. Further answering, Defendants deny Plaintiff is entitled to any statutory damages.

48.     Admitted.

301157601v2 1005694

49.    Admitted.

50.    Paragraph 50 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, admitted.

51.    Admitted.

52.    The payoff statement referred to in Paragraph 52 of the Complaint speaks for itself. To the extent that a response is required, Defendants deny any error in the payoff statement.

53.    Denied.

54.    Denied.

55.    Denied.

**COUNT III**
**VIOLATIONS OF REGULATION X**

56.    Defendants incorporate by reference their responses to Paragraphs 1 through 55 of the Complaint.

57.    Paragraph 57 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny Plaintiff is entitled to any damages under the Dodd-Frank Wall Street Reform and Consumer Protection Act, the regulations enacted by the Consumer Financial Protection Bureau, the Real Estate Settlement Procedures Act, TILA, or any other statute or regulation.

58.    Paragraph 58 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, denied.

59.    Denied because RoundPoint is the mortgage loan servicer on behalf of Embrace, and Defendants otherwise admit the allegations of Paragraph 59 of the Complaint.

6

60.     The statutory provisions referred to in Paragraph 60 of the Complaint speak for themselves. To the extent that a response is required, admitted.

61.     The statutory provisions referred to in Paragraph 61 of the Complaint speak for themselves. To the extent that a response is required, admitted.

62.     Paragraph 62 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, admitted.

63.     Paragraph 63 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, denied.

64.     Paragraph 64 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendants admit Plaintiff is entitled to a private right of action under the provisions of RESPA but denies any violations or that Plaintiff is entitled to any damages.

65.     Denied.

66.     Denied.

67.     Denied.

68.     The notice referred to in Paragraph 68 of the Complaint speaks for itself. To the extent that Paragraph 68 contains Plaintiff's characterizations of that document, those allegations are denied.

69.     The statutory provision referred to in Paragraph 69 of the Complaint speaks for itself. To the extent that Paragraph 69 contains Plaintiff's characterizations of that statute or any provisions thereof, those allegations are denied.

301157601v2 1005694

70.     The December 28, 2017 letter referred to in Paragraph 70 of the Complaint speaks for itself. To the extent that Paragraph 70 contains Plaintiff's characterizations of the December 28, 2017 letter or any statements therein, those allegations are denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     The notice of error referred to in Paragraph 77 of the Complaint speaks for itself. To the extent that a response is required, admitted.

78.     Admitted.

79.     The notice of error referred to in Paragraph 79 of the Complaint speaks for itself. To the extent that Paragraph 79 contains Plaintiff's characterizations of the notice of error or any statements therein, those allegations are denied.

80.     The statutory provision referred to in Paragraph 80 of the Complaint speaks for itself. To the extent that Paragraph 80 contains Plaintiff's characterizations of that statute or any provisions thereof, those allegations are denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

301157601v2 1005694

86.     Denied.

## COUNT IV
## BREACH OF CONTRACT AND FAILURE TO COMPLY WITH CONDITIONS PRECEDENT TO EXERCISE THE STATUTORY POWER OF SALE BY NOT COMPLYING WITH THE REGULATIONS OF THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT WHICH APPLY TO PLAINTIFF'S FHA MORTGAGE

87.     Defendants incorporate by reference their responses to Paragraphs 1 through 86 of the Complaint.

88.     The mortgage referred to in Paragraph 88 of the Complaint speaks for itself. To the extent that Paragraph 88 contains Plaintiff's characterizations of the mortgage or any provisions thereof, those allegations are denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

## COUNT V
## CLAIM FOR INJUNCTIVE RELIEF AND A PRELIMINARY AND PERMANENT INJUNCTION

97.     Defendants incorporate by reference their responses to Paragraphs 1 through 96 of the Complaint.

98.     Denied.

99.     Denied.

9

100.    Denied.

101.    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 101 of the Complaint.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

<u>COUNT VI</u>
**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE TRUTH IN LENDING ACT BY EMBRACE'S FAILURE TO SEND THE PLAINTIFF A MONTHLY MORTGAGE STATEMENT EACH MONTH PURSUANT TO THE PROVISIONS OF 12 C.F.R. 1026.41 AND 15 U.S.C. 1638**

107.    Defendants incorporate by reference their responses to Paragraphs 1 through 106 of the Complaint.

108.    Paragraph 108 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny Plaintiff is entitled to any damages under TILA.

109.    Paragraph 109 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, denied.

110.    Paragraph 110 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendants state the United States District Court for the District of Rhode Island has original jurisdiction over this action. Further answering, Defendants deny Plaintiff is entitled to any statutory damages.

111.    Admitted.

301157601v2 1005694

112.    Admitted.

113.    Paragraph 113 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, admitted.

114.    Denied.

115.    The statutory provision referred to in Paragraph 115 of the Complaint speaks for itself. To the extent that Paragraph 115 contains Plaintiff's characterizations of that statute or any provisions thereof, those allegations are denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

Defendants deny that Plaintiff is entitled to any of the relief requested in Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of unclean hands, waiver, estoppel, ratification, the economic loss doctrine and/or *in pari delicto*.

301157601v2 1005694

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole, or in part, by the applicable statute of limitations and/or laches.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail as a matter of law because one or more of the exceptions to 24 CFR 203.604 apply, and thus Defendants were not required to conduct a face to face meeting with Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed because the Plaintiff has not suffered any cognizable damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred to the extent that the Plaintiff failed to mitigate his damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff defaulted on his obligations under their mortgage contracts or otherwise breached the mortgage contract.

## EIGHTH AFFIRMATIVE DEFENSE

Any harm sustained by Plaintiff was not the result of any act or failure to act by Defendants.

## NINTH AFFIRMATIVE DEFENSE

Defendants reserve their rights to assert additional affirmative defenses as further affirmative defenses become known to Defendants.

301157601v2 1005694

Respectfully submitted,

EMBRACE HOME LOANS, INC. and
ROUNDPOINT MORTGAGE SERVICING
CORPORATION,

By Their Attorneys,


*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha, Bar No. 7075
Ethan Z. Tieger, Bar No. 9308
HINSHAW & CULBERTSON LLP
321 South Main Street, Suite 301
Providence, RI 02903
Telephone: (401) 751-0842
Facsimile: (401) 751-0072
sbodurtha@hinshawlaw.com
etieger@hinshawlaw.com

Dated:    April 5, 2018


## CERTIFICATE OF SERVICE

I, Samuel C. Bodurtha, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on April 5, 2018.

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha

301157601v2 1005694