**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| DAVID CURTIS,<br><br>        Plaintiff,<br><br>v.<br><br>EMBRACE HOME LOANS, INC. and ROUNDPOINT MORTGAGE SERVICING CORPORATION,<br><br>        Defendants. | C.A. No. 1:18-cv-00057-JJM-PAS |

**DEFENDANTS EMBRACE HOME LOANS, INC. AND ROUNDPOINT MORTGAGE SERVICING CORPORATION'S RULE 16 STATEMENT**

Defendants, Embrace Home Loans, Inc. ("Embrace") and RoundPoint Mortgage Servicing Corporation ("RoundPoint") (collectively, "Defendants"), submit the following written statement in accordance with this Court's April 23, 2018 notice of pretrial scheduling conference and pursuant to Fed. R. Civ. P. 16 and DRI LR 16(b).

**I. BACKGROUND**

Plaintiff, David Curtis ("Plaintiff"), initially commenced this action in the Rhode Island Superior Court under Case No. KC 18-0018, seeking to appoint a receiver over Plaintiff's Property located at 105 Quaker Drive, West Warwick, Rhode Island (the "Property"). Plaintiff's Amended Complaint, which substituted the Property for named Defendants, challenges Embrace and RoundPoint's authority to foreclose on the Property under the power of sale granted by Plaintiff's mortgage and authorized under Rhode Island law. The Amended Complaint alleges, *inter alia*, that because the Federal Housing Authority ("FHA") insured mortgage is subject to the Regulations of the United States Department of Housing and Urban Development ("HUD"), Embrace and/or RoundPoint was required to conduct a "face-to-face" meeting with Plaintiff

under 24 C.F.R. 203.604, prior to acceleration and initiation of foreclosure proceedings. Plaintiff further questions Defendants' right to foreclose under a host of other various federal statutes, including the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. §§ 2601 *et seq.* ("RESPA"), and the Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. 111-203, 124 Stat. 1376 (2010). The facts and applicable law, however, demonstrate Plaintiff has no grounds to challenge foreclosure.

Embrace is the current owner of Plaintiff's mortgage loan and RoundPoint is the servicer. On April 29, 2016, Plaintiff executed a promissory note through which he promised to repay, with interest, a $284,009.00 loan from Embrace. To secure his repayment obligations, Plaintiff mortgaged, granted and conveyed the Property by mortgage agreement (the "Mortgage") to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Embrace and Embrace's successors and assigns. The Amended Complaint alleges Plaintiff last made a payment to Embrace in May of 2017, and Plaintiff thereafter defaulted on the Mortgage. A foreclosure of the Property was scheduled for January 30, 2017, but was cancelled following the commencement of litigation.

## II. LEGAL ISSUES

Plaintiff's Amended Complaint is rife with inaccurate, misleading, and/or unsubstantiated allegations. Despite Plaintiff's allegations that neither Embrace nor RoundPoint "came to his home to discuss loss mitigation," (Am. Compl. ¶ 21), the evidence will demonstrate that RoundPoint visited Plaintiff's Property on or about August 24, 2017 on behalf of Embrace, left correspondence at the Property after Plaintiff did not respond and mailed correspondence to him concerning a face to face meeting. *See Grimaldi v. US Bank Nat'l Ass'n*, C.A. No. 16-519-WES, 2018 U.S. Dist. LEXIS 70927, at *6 (D.R.I. Apr. 27, 2018) ("'The court interprets this

straightforward language to require both the sending of a certified letter and a personal visit to constitute a reasonable effort at arranging a face-to-face meeting.'" (quoting *Countrywide Home Loans v. Wilkerson*, No. 03-cv-50391, 2004 U.S. Dist. LEXIS 4034, at *1 (N.D. Ill. Mar. 12, 2004))). Plaintiff will also be unable to demonstrate that a face-to-face meeting was even required under the specific circumstances of this case, as one or more of the exceptions under 24 CFR 203.604 applies such that Plaintiff's breach of contract claims lack merit.[1] In addition, while Plaintiff claims RoundPoint failed to respond to a request for the name of the owner of the Mortgage in violation of TILA, RoundPoint did, in fact, issue a response to Plaintiff's November 10, 2017 letter. (*See* Compl. ¶¶ 38-43.)

Furthermore, Plaintiff incorrectly alleges that RoundPoint and/or Embrace also failed to respond to certain qualified written requests under RESPA, including notices of error and requests for information under Regulation X (12 CFR 1024.35 and 12 CFR 1024.36). (*See* Compl. ¶¶ 64-73.) As will be demonstrated in this case, RoundPoint, on behalf of Embrace, properly issued responses to these requests, and moreover, advised Plaintiff of certain requested loss mitigation options. In fact, RoundPoint and Embrace will show that Plaintiff never submitted a completed his loan modification application, despite requests to submit additional documents and/or information.

Embrace and RoundPoint are entitled to foreclose on the Property because Plaintiff has defaulted on the note, breached the terms of the Mortgage, and failed to cure the default. Embrace and RoundPoint have complied with all other contractual and legal requirements and are thus entitled to entry of judgment in their favor.

---

[1] Plaintiff's only avenue to claim a violation of the HUD regulations is through a state-law claim for breach of contract. There is no private right of action to enforce the HUD regulations or any purported violations thereof. *See*, *e.g.*, *Dan-Harry v. PNC Bank, N.A.*, C.A. No. 17-136WES, 2017 U.S. Dist. LEXIS 218699, at *8-10, 21 (Oct. 17, 2017).

3

Respectfully submitted,

EMBRACE HOME LOANS, INC. and ROUNDPOINT MORTGAGE SERVICING CORPORATION,

By Their Attorneys,

*/s/ Ethan Z. Tieger*
Samuel C. Bodurtha, Bar No. 7075
Ethan Z. Tieger, Bar No. 9308
HINSHAW & CULBERTSON LLP
321 South Main Street, Suite 301
Providence, RI 02903
Telephone: (401) 751-0842
Facsimile: (401) 751-0072
sbodurtha@hinshawlaw.com
etieger@hinshawlaw.com

Dated: May 10, 2018

## CERTIFICATE OF SERVICE

    I, Ethan Z. Tieger, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on May 10, 2018.

*/s/ Ethan Z. Tieger*
Ethan Z. Tieger

301856322v1 1005694