

| | | |
|---|---|---|
| PHILLIP A. NORMAN, ESQ.<br>Admitted in IN | GARY MARINOSCI, ESQ.<br>Admitted in RI & MA | CHRISTOPHER BAXTER, ESQ.<br>Admitted in AR & TX |
| CHAD MORRONE, ESQ.<br>Admitted in MA | ERIC FELDMAN, ESQ.<br>Admitted in IL | JOSEPH DOLBEN, ESQ.<br>Admitted in NH, MA & RI |
| GREGG DREILINGER, ESQ.<br>Admitted in FL | ROBERT COLEMAN, ESQ.<br>Admitted in AR & TN | EILEEN C O'SHAUGHNESSY, ESQ.<br>Admitted in CT & RI |

November 17, 2017

91 7199 9991 7038 5738 6661

David C. Curtis
105 Quaker Drive
West Warwick, RI 02893

    Re:  105 Quaker Drive
           West Warwick, RI 02893
           Loan No.: 2003193246

Dear David C. Curtis:

    As you are aware, this office has been retained by RoundPoint Mortgage, servicer for Embrace Home Loans, Inc., current holder of that certain mortgage given by David C. Curtis to Mortgage Electronic Registration Systems Inc., as Nominee for Embrace Home Loans, Inc. dated April 29, 2016 (the "Mortgage"), encumbering certain real property and improvements thereon located at 105 Quaker Drive, West Warwick, RI 02893, which secures that certain promissory note (the "Note") executed by David C. Curtis.

    Please be advised that the Note is in default for breach of the conditions contained in the Loan Documents, including your failure to make monthly payments due under the Note. The Lender does hereby elect to accelerate said Note and declares the entire balance due and payable forthwith and without further notice.

    As of the date of this letter, the amount secured under the mortgage loan is $287,679.95. Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write or call the undersigned.

    Notwithstanding any acceleration, you may have the right to reinstate the Mortgage, under the conditions stated therein, by paying to us all sums which would then be due under the Note and Mortgage had no acceleration occurred, plus outstanding attorneys' fees and other reasonable costs of proceedings which have been incurred as of the date of such payment. Also, you may assert through court action the nonexistence of a default or any other defense you may have to acceleration and sale of the property.

Case 1:18-cv-00057-JJM-PAS   Document 31-21   Filed 01/06/20   Page 2 of 5 PageID #: 1175

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt and will mail you a copy of such verification.

Furthermore, you are hereby notified of our intention to foreclose by sale under power of sale contained in the Mortgage for your failure to pay the principal and interest due under the Promissory Note, payment of which was a condition of the Mortgage.

I have enclosed a copy of a mortgagee's notice of foreclosure sale, which indicates that the above-referenced property is to be sold at a foreclosure sale to be held at the time and place set forth therein. This notice will be published weekly in the **Kent County Daily Times** beginning on or about December 19, 2017. I have enclosed a copy of R.I.G.L § 34-27-4(d) for your reference pursuant to R.I.G.L § 34-27-4(c).

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Very truly yours,

Marinosci Law Group, P.C.
Matthew C. Casey, Esq.

MCC/GB
Enclosures
Certified Mail/RRR
Regular Mail

**A servicemember on active duty or deployment or who has recently ceased such duty or deployment has certain rights under subsection 34-27-4(d) of the Rhode Island general laws set out below. To protect your rights if you are such a servicemember, you should give written notice to the servicer of the obligation or the attorney conducting the foreclosure, prior to the sale, that you are a servicemember on active duty or deployment or who has recently ceased such duty or deployment. This notice may be given on your behalf by your authorized representative. If you have any questions about this notice, you should consult with an attorney.**

**R.I.G.L. § 34-27-4(d):**

(d) Foreclosure sales affecting servicemembers.
    (1) The following definitions shall apply to this subsection and to subsection (c):
        (i) "Servicemember" means a member of the army, navy, air force, marine corps, or coast guard and members of the national guard or reserves called to active duty.
        (ii) "Active duty" has the same meaning as the term is defined in 10 U.S.C. sections 12301 through 12304. In the case of a member of the national guard, or reserves "active duty" means and includes service under a call to active service authorized by the president or the secretary of defense for a period of time of more than thirty (30) consecutive days under 32 U.S.C. section 502(f), for the purposes of responding to a national emergency declared by the president and supported by federal funds.
    (2) This subsection applies only to an obligation on real and related personal property owned by a service member that:
        (i) Originated before the period of the servicemember's military service or 1 in the case of a member of the national guard or reserves originated before being called into active duty and for which the servicemember is still obligated; and
        (ii) Is secured by a mortgage or other security in the nature of a mortgage.
    (3) Stay of right to foreclose by mortgagee. – Upon receipt of written notice from the mortgagor or mortgagor's authorized representative that the mortgagor is participating in active duty or deployment or that the notice as provided in subsection (c) was received within nine (9) months of completion of active duty or deployment, the mortgagee shall be barred from proceeding with the execution of sale of the property as defined in the notice until such nine (9) month period has lapsed or until the mortgagee obtains court approval in accordance with subdivision (d)(5) below.
    (4) Stay of proceedings and adjustment of obligation. – In the event a mortgagee proceeds with foreclosure of the property during, or within nine (9) months after a servicemember's period of active duty or deployment notwithstanding receipt of notice contemplated by subdivision (d)(3) above, the servicemember or his or her authorized representative may file a petition against the mortgagee seeking a stay of such foreclosure, after a hearing on such petition, and on its own motion, the court may:
        (i) Stay the proceedings for a period of time as justice and equity require; or

    (ii) Adjust the obligation as permitted by federal law to preserve the interests of all parties.

(5) Sale or foreclosure. – A sale, foreclosure or seizure of property for a breach of an obligation of a servicemember who is entitled to the benefits under subsection (d) and who provided the mortgagee with written notice permitted under subdivision (d)(3) shall not be valid if made during, or within nine (9) months after, the period of the servicemember's military service except:

    (i) Upon a court order granted before such sale, foreclosure or seizure after hearing on a petition filed by the mortgagee against such servicemember; or

    (ii) If made pursuant to an agreement of all parties.

(6) Penalties. – A mortgagee who knowingly makes or causes to be made a sale, foreclosure or seizure of property that is prohibited by subsection (d)(3) shall be fined the sum of one thousand dollars ($1,000), or imprisoned for not more than one year, or both. The remedies and rights provided hereunder are in addition to and do not preclude any remedy for wrongful conversion otherwise available under law to the person claiming relief under this section, including consequential and punitive damages.

(7) Any petition hereunder shall be commenced by action filed in the 1 superior court for the county in which the property subject to the mortgage or other security in the nature of a mortgage is situated. Any hearing on such petition shall be conducted on an expedited basis following such notice and/or discovery as the court deems proper.

## NOTICE OF MORTGAGEE'S SALE

105 Quaker Drive
West Warwick, Rhode Island
Assessor's Map/Lot: 029-0192-0-000

Will be sold, subject to any and all prior liens and encumbrances, at public auction on January 9, 2018 at 2:00 PM Local Time, on the premises by virtue of the Power of Sale contained in the certain Mortgage Deed made and executed by David C. Curtis dated April 29, 2016 and recorded in Book 2420 at Page 136, et seq. with the Records of Land Evidence of the Town of West Warwick, County of Kent, State of Rhode Island, the conditions of said Mortgage Deed having been broken. TEN THOUSAND DOLLARS ($10,000.00) down payment in cash, bank check or certified check at time of sale; other terms will be announced at time of sale.

Marinosci Law Group, P.C.
275 West Natick Road, Suite 500
Warwick, RI 02886
Attorney for the present
Holder of the Mortgage
MLG File # MLG 17-15666