# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID CURTIS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>EMBRACE HOME LOANS, INC. and ROUNDPOINT MORTGAGE SERVICING CORPORATION,<br><br>　　　　Defendants. | C.A. No. 1:18-cv-00057-JJM-PAS |

## DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO EXTEND TIME TO FILE DISPOSITIVE MOTIONS

Defendants Embrace Home Loans, Inc. and RoundPoint Mortgage Servicing Corporation (collectively "Defendants") object to and oppose Plaintiff David Curtis' ("Plaintiff") Motion to Extend (ECF No. 34) on grounds that the relief Plaintiff requests impermissibly extends and allows for Plaintiff's belated, untimely, and prohibited use of expert evidence to demand summary judgment. This is the third motion to extend the deadline to file dispositive motions that Plaintiff has filed in this case. Plaintiff first requested a 45-day extension of the deadline in a November 21, 2019 motion, and Defendants did not object. The Court granted the motion and the deadline to file dispositive motions was extended to January 6, 2020. Defendants filed their summary judgment motion on January 6, 2020, and shortly after filing Plaintiff requested an extension to January 13, 2020. Defendants did not object, and the Court granted the additional one week to file.

Today, Plaintiff seeks another extension of time to file a dispositive motion. This time, Plaintiff is requesting two additional weeks and, for the first time, Plaintiff justifies the need for this extension on a delay in obtaining an expert witness report regarding ownership of the

mortgage loan, issues relating to the Truth in Lending Claim and the identity of the holder of the mortgage and owner of the mortgage note. According to Plaintiff, these are all matters alleged in the Amended Complaint filed in February of 2018.

## **Plaintiff's justification for requesting additional time to file a dispositive motion prejudices Defendants.**

This Court issued an initial scheduling order on May 15, 2018 that required completion of Factual Discovery by November 16, 2018, Plaintiff's completion of Expert Disclosures by December 17, 2018, completion of Expert Discovery by February 19, 2019 and dispositive motions filed by March 18, 2019. (ECF No. 13.) In response to Plaintiff's Motion to Amend/Correct/Reset Scheduling Order Deadlines, the Court issued a November 15, 2018 text order that extended the close of factual discovery to February 15, 2019, the deadline for Plaintiff to submit Expert Disclosures to March 15, 2019, the close of Expert Discovery to May 15, 2019, and the deadline to file dispositive motions to June 15, 2019. In response to Plaintiff's Motion for Extension of Time to Complete Discovery, the Court issued a text order on February 1, 2019 that extended the close of fact discovery to May 15, 2019, the deadline for Plaintiff to submit Expert Disclosures to June 17, 2019, the deadline to completed Expert Discovery to August 15, 2019, and the deadline to file dispositive motions to September 16, 2019.

The deadline to submit Expert Disclosures expired as of June 17, 2019, and the deadline to complete Expert Discovery expired as of August 15, 2019. The only extensions requested by the parties and approved by this Court from September 16, 2019 to the present day relate to the deadline to file dispositive motions. Plaintiff's Motion to Extend requests a further extension to provide Plaintiff additional time to obtain the report and affidavit of an expert witness Plaintiff has not disclosed to Defendants.

Plaintiff intends to rely upon the affidavit of an expert, which the Plaintiff did not disclose in a timely fashion or at any time during the course of this litigation. Because Plaintiff's counsel did not disclose the expert whose report and affidavit Plaintiff intends to rely upon to request summary judgment, the Defendants did not conduct any expert discovery within the August 15, 2019 deadline. Moreover, the Defendants did not retain, much less disclose any expert they could reply upon in order to oppose Plaintiff's request for summary judgment. In other words, the Defendants and were never presented with a need or reason to disclose experts or conduct expert discovery given the absence of Plaintiff's expert disclosures. Nearly seven months after the deadline for Plaintiff to disclose experts, the Court should not permit an extension of the deadline to file a dispositive motion so that Plaintiff can rely upon the report and affidavit of an expert he never disclosed.

For the reasons stated above, Defendants Embrace Home Loans, Inc. and Roundpoint Mortgage Servicing Corporation respectfully request denial of Plaintiff David Curtis' Motion to Extend.

Respectfully submitted,

EMBRACE HOME LOANS, INC. and
ROUNDPOINT MORTGAGE SERVICING
CORPORATION,

By Their Attorneys,

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha, Bar No. 7075
HINSHAW & CULBERTSON LLP
321 South Main Street, Suite 301
Providence, RI 02903
Telephone: (401) 751-0842
Facsimile: (401) 751-0072
sbodurtha@hinshawlaw.com

Dated: January 13, 2020

## **CERTIFICATE OF SERVICE**

      I, Samuel C. Bodurtha, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on January 13, 2020.

                                */s/ Samuel C. Bodurtha*
                                Samuel C. Bodurtha

t

1005694\304933354.v1