UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID CURTIS,<br><br>    Plaintiff,<br><br>v.<br><br>EMBRACE HOME LOANS, INC. and ROUNDPOINT MORTGAGE SERVICING CORPORATION,<br><br>    Defendants. | C.A. No. 1:18-cv-00057-JJM-PAS |

## DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO ALTER OR AMEND FINAL JUDGMENT

### INTRODUCTION

Defendants, Embrace Home Loans, Inc. and RoundPoint Mortgage Servicing Corporation (collectively "Defendants"), oppose Plaintiff, David Curtis' ("Plaintiff") Motion to Alter the Court's Final Judgment because the Plaintiff fails to present any manifest error of law to obtain this extraordinary relief. Plaintiff contends that the federal claims in the complaint, adjudicated on a motion for summary judgment in Defendants' favor for lack of any evidence of damages, must be dismissed without prejudice for lack of standing. No error of law occurred in the Court's adjudication of these federal claims in Defendants' favor, as opposed to a dismissal without prejudice, because the evidence of this case demonstrates that Plaintiff had not incurred any damages or suffered any injury to recover from RoundPoint or Embrace.

In further support of this objection, Defendants submit the following:

### ANALYSIS

Federal Rule of Civil Procedure 59(e) allows a party to move to alter or amend a final judgment. Although Rule 59(e) does not provide grounds to request alteration or amendment,

courts interpreting this rule provide limited grounds for review: newly discovered evidence or manifest errors of law. *Perrier-Bilbo v. United States*, 954 F.3d 413, 435 (1st Cir. 2020); *Ira Green Inc. v. Military Sales & Service Co.*, 775 F.3d 12, 30-32 (1st Cir. 2014); *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006). In *Ira Green*, 775 F.3d at 17, 30-32, the First Circuit Court of Appeals reviewed and affirmed this Court's decision to amend final judgment in the defendant's favor after a jury found no damages but returned a defamation verdict in plaintiff's favor. According to the First Circuit, Rule 59(e) does not list specific grounds for relief but leaves the matter to the sound discretion of the District Court. *Id.* at 28. The Court stressed that the discretion must be exercised with "considerable circumspection" because revising a final judgment is an "extraordinary remedy and should be employed sparingly." *Id.* Ultimately, the First Circuit in *Ira Green* concluded that this Court's relief under 59(e) met the standard because damages were an essential element of the plaintiff's defamation claim, the jury explicitly found that plaintiff failed to prove any damages, and a finding of no damages "required the entry of judgment" for the defendant. *Id.*

In this case, the Plaintiff presents no new evidence and fails to demonstrate any error of law or fact in the Court's adjudication of all federal claims in favor of the Defendants. The Plaintiff argues that the Court's summary adjudication of the federal claims in reliance upon *Spokeo v. Robbins*, 136 S.Ct. 1540, 1549 (2016), necessitates a dismissal of these claims without prejudice based on lack of standing. In deciding this matter, the Court adjudicated the Truth in Lending Act ("TILA") and Real Estate Settlement Procedures Act ("RESPA") claims in Defendants' favor because there was no evidence of any injury in fact. (May 4, 2020 Order, ECF No. 46 at pp. 4-5.) Specifically, the Court's decision discussed the absence of concrete injury:

> the only evidence of concrete injury before this court is the attorneys' fees, costs, and expenses Mr. Curtis incurred in asserting his TILA claim. For damages

>  resulting from alleged RESPA violations, Mr. Curtis alleges: (a) costs for gasoline to visit his attorney on at least five occasions; (b) cell phone to call and receive calls from his attorney; (c) electricity to recharge his cell phone calls when he spoke with his attorney; (d) attorney's fees and costs for the prosecution of this action; (e) mailing, paper, and postage costs for the mailing and transmittal of a Notice of Error; (f) has been charged unreasonable fees and costs for uncorroborated and unreasonable property inspections and improper legal fees and costs.

(*Id.* at p. 5.) The Court's decision concludes that there was "no evidence of an injury-in-fact other than the attorneys' fees, costs, and expenses in prosecuting the federal claims as his only actual injury…." (*Id.*) Absent such evidence, *Spokeo* bars Mr. Curtis' TILA and RESPA claims, and the Court granted Defendants' summary judgment motion. (*Id.* at pp. 5-6.)

There was no manifest error of law in the Court's decision to render final judgment on the claims resulting from Defendants' alleged RESPA and TILA violations. Far past an assessment of the Plaintiff's complaint's for Article III jurisdiction at this point in the litigation, the Court's decision reviewed all of the evidence Plaintiff submitted to prove an injury, found no evidence of injury, and adjudicated Plaintiff's federal claims based upon a lack of damages. In *Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 587-91 (7th Cir. 2016), the Seventh Court differentiated between allegations of injury for the purpose of demonstrating standing to sue and the plaintiff's obligation to present adequate evidence of injury under RESPA to survive a summary judgment motion. The Diedrichs filed suit against their loan servicer for violations of RESPA on allegations that the servicer did not respond to their requests for information, and both parties ultimately filed for summary judgment. *Id.* While the court concluded that the loan servicer's response was insufficient, the court determined "that the Diedrichs' allegations of damages were 'conclusory and vague' and that they had 'failed to come forth with any evidence that would connect their alleged [injury] to Ocwen's failure to respond to their qualified written request for information." *Id* at 587. On review of the summary judgment holding, the Seventh

3

Circuit affirmed *Diedrich* with a decision that explained the difference between standing to sue and summary adjudication:

> The Diedrichs have adequately alleged an injury for the purposes of standing. This opens the door of the courtroom to them, but no more. Alleging injury for purposes of standing is not the same as submitted adequate evidence of injury under the statute to survive a motion for summary judgment.

*Id* at 591. The Court in *Diedrich* also explained the overlap between the injury requirement for standing and the injury requirement under the RESPA statute at issue, 12 U.S.C. § 2605: "the plaintiffs must have suffered a concrete injury in order to allege standing as a constitutional matter. And in this case, the statute does not grant statutory damages for bare procedural violations; it requires an actual injury." *Id* at 589. Following this rationale, the *Diedrich* Court determined that there was "no need perform a separate *Spokeo* analysis to demonstrate whether procedural injury alleged under the statute is sufficiently concrete to pass muster for Article III standing." *Id.* 12 U.S.C. § 2605 was "intended to redress *actual* damages caused by the failure of the loan servicer to provide information to the borrower." *Id.* at 590; *see also* 12 U.S.C. § 2605(f).[1]

Here, the Plaintiff is attempting to utilize the Court's citation to *Spokeo* as an indication that the Court granted summary judgment based on lack of standing in Federal Court so that he can pursue these very same claims in state court. The Court's own decision contradicts the Plaintiff's interpretation of the requirement that Plaintiff present evidence of actual injury to first satisfy the Court's jurisdiction under Article III but more importantly to prove claims for violations of RESPA and TILA. Plaintiff relies upon decisions in which courts granted motions to dismiss for lack of standing without prejudice, but Plaintiff ignores this Court's adjudication

---

[1] The Truth in Lending Act similarly requires "actual damages" in order for an individual to pursue civil violations. 15 U.S.C. § 1640(a)(1).

of federal claims for lack of evidence of injury, not because the Plaintiff lacked standing to sue. The Court plainly states in the order granting summary judgment: "The Court finds that these claim as there is no evidence Mr. Curtis suffered any injury." (Court Order, ECF No. 46 at p. 1.) The Court's finding that the Plaintiff has not produced any evidence of damages demonstrates a lack of actual injury necessary to pursue claims under RESPA or TILA.

## **CONCLUSION**

The Court's finding that Plaintiff has failed to present any evidence of actual injury to support claims under RESPA or TILA rejects any legal error that would warrant this extraordinary remedy and at this stage in the litigation. For the reasons stated above, Defendants Embrace Home Loans, Inc. and Roundpoint Mortgage Servicing Corporation respectfully request denial of Plaintiff David Curtis' Motion to Alter Judgment.

Respectfully submitted,

EMBRACE HOME LOANS, INC. and ROUNDPOINT MORTGAGE SERVICING CORPORATION,

By Their Attorneys,

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha, Bar No. 7075
HINSHAW & CULBERTSON LLP
56 Exchange Terrace, Suite 5
Providence, RI 02903
Telephone: (401) 751-0842
Facsimile: (401) 751-0072
sbodurtha@hinshawlaw.com

Dated:   June 15, 2020

## CERTIFICATE OF SERVICE

I, Samuel C. Bodurtha, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on June 15, 2020.

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha

1005694\305862620.v1